**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Hartford Fire Insurance Company,
a Connecticut Corporation,

        Plaintiff,

   v.

| | |
|---|---|
| Donald Laverne Clark, Jr., Robin Parsons, and TransGroup Express, Inc., a Washington Corporation, d/b/a TransGroup, | **MEMORANDUM OPINION AND ORDER** |
|        Defendants; | Civil No. 03-3190 ADM/JSM |

and

| | |
|---|---|
| Buffets, Inc., a Minnesota Corporation | Civil No. 05-931 JMR/FLN |

       Plaintiff,

   v.

Hartford Fire Insurance Co.,
a Connecticut Corporation,

       Defendant.

_____

Cole S. Kain, Esq., Clausen Miller P.C., Chicago, IL, argued for and on behalf of movant Hartford Fire Insurance Company.

James M. Lockhart, Esq., and Christopher R. Grote, Esq., Lindquist & Vennum P.L.L.P., Minneapolis, MN, argued for and on behalf of Defendant TransGroup Express, Inc.

Robert C. Lamar, Lamar Archer & Cofrin, LLP, Atlanta, GA, argued for and on behalf of Plaintiff Buffets, Inc.

_____

**I. INTRODUCTION**

    This matter is before the undersigned United States District Judges on Hartford Fire

Insurance Company's ("Hartford") Objection [Docket Nos. 98 (03-3190 ADM/JSM) and 60 (05-

931 JMR/FLN)] to Magistrate Judge Arthur J. Boylan's[1] Report and Recommendation ("R&R") [Docket Nos. 97 (03-3190 ADM/JSM) and 58 (05-931 JMR/FLN)] denying Hartford's Motion to Consolidate Cases [Docket Nos. 84 (03-3190 ADM/JSM) and 45 (05-931 JMR/FLN)]. For the reasons set forth below, Judge Boylan's R&R is adopted and Hartford's Motion to Consolidate is denied.

## II. DISCUSSION

In reviewing an R&R of a nondispositive pre-trial matter, the district court "shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also D. Minn. LR 72.2(a).

Hartford seeks to consolidate two cases currently pending in the United States District Court for the District of Minnesota. Both cases relate factually to the same bribery-kickback scheme. The undisputed facts in common are set forth in the R&R and are incorporated by reference herein. In the first case, Hartford has filed suit against Donald Laverne Clark, Jr. ("Clark"), Robin Parsons ("Parsons"), and TransGroup Express, Inc. ("TransGroup"), alleging various tort claims including intentional misrepresentation, negligent misrepresentation, conversion, unjust enrichment, aiding and abetting breach of fiduciary duty, and civil conspiracy. In the second case, Buffets, Inc. ("Buffets") has filed suit against Hartford, alleging breach of contract and bad faith.

In his R&R, Judge Boylan recommended Hartford's Motion to Consolidate be denied.

---

[1] The TransGroup case was originally assigned to Magistrate Judge Boylan, but has since been reassigned to Magistrate Judge Janie S. Mayeron.

Judge Boylan determined that consolidation would not result in any significant judicial economy, there are limited legal issues in common between the two cases, and additional issues and defenses in the TransGroup case would lead to the complication of the Buffets case and contribute to jury confusion.  Hartford raises several objections to Judge Boylan's R&R.  First, Hartford contends that it might suffer prejudice in the form of inconsistent verdicts if the cases are not consolidated.  Second, Hartford alleges that Judge Boylan applied the wrong legal standard and did not appropriately consider whether consolidation would lead to "unfair" prejudice to TransGroup and Buffets.  Third, Hartford contends that the unfair prejudice to itself in the absence of consolidation greatly outweighs any prejudice to TransGroup or Buffets.  Fourth, any potential prejudice to Buffets or TransGroup, or risk of jury confusion, can be cured by jury instructions or a special verdict form.  In addition, many of the issues in the TransGroup case will likely be narrowed by motion practice.

The Federal Rules of Civil Procedure give the court broad discretion in determining whether to consolidate cases that involve a common question of law or fact.  Fed. R. Civ. P. 42; Powell v. NFL, 764 F. Supp. 1351, 1359 (D. Minn. 1991).  "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party."  E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  "The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy."  Powell, 764 F. Supp. at 1359.

Because Judge Boylan's Order is not clearly erroneous or contrary to law, it will be adopted in its entirety.  Judge Boylan correctly determined that Hartford has not met its burden of showing that consolidation would promote judicial convenience and economy.  In fact,

consolidation would do just the opposite.  While these two cases share facts in common, one raises tort issues and one raises contract issues.  The Buffets action is a fairly straightforward case, involving a determination of whether Hartford breached its insurance contract with Buffets, and if so, how much Hartford owes Buffets in damages.  The TransGroup action is more complex, involving several different tort theories of liability, several different affirmative defenses, and an ultimate determination as to whether TransGroup is liable for loss to Buffets, and if so, in what amount.  The additional issues and defenses in the TransGroup case could certainly lead to confusion and prejudice with respect to the Buffets action.

In addition, as Buffets and TransGroup argue, while the two cases might result in different verdicts, the verdicts may not be inconsistent.  The damages being sought in the two actions are different, and while Hartford may ultimately be unable to recover by way of subrogation all of its losses from TransGroup, this is a risk that Hartford assumes as an insurance company.  Any supposed prejudice suffered by Hartford as a result of non-consolidation is largely illusory, and in any event, not as great as the prejudice that Buffets and TransGroup would suffer if these actions were consolidated.

Finally, it is important to consider the different procedural postures of these two cases.  The TransGroup action was filed almost two and a half years ago.  TransGroup asserts that discovery is all but completed in the TransGroup action, save for the upcoming depositions of two or three witnesses.  By contrast, the Buffets action was filed in Federal District Court in Atlanta, Georgia, nine months ago and was transferred to this District just six months ago.  The pre-trial scheduling order in the Buffets case sets a discovery completion date of March 1, 2006, dispositive motion deadline of April 1, 2006, and a trial ready date of June 1, 2006.  Discovery

has barely commenced in the Buffets action, and consolidating these two cases now would force TransGroup to needlessly attend depositions and review documents that are essential to Hartford/Buffets discovery. Consolidation would only result in duplication of efforts and waste of resources.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Boylan's Report and Recommendation is **ADOPTED**; and

2. Hartford's Motion to Consolidate [Docket Nos. 84 (03-3190 ADM/JSM) and 45 (05-931 JMR/FLN)] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 28, 2005.

      s/James M. Rosenbaum
JAMES M. ROSENBAUM
CHIEF JUDGE, U.S. DISTRICT COURT

Dated: October 28, 2005.