UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | Case No. 03-CV-3190 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| DONALD LAVERNE CLARK, JR., ROBIN PARSONS, and TRANSGROUP EXPRESS, INC., a Washington Corporation d/b/a/ TransGroup, | |
| Defendants. | |

Robert L. Reifenberg, CLAUSEN MILLER PC; Teresa J. Kimker and Peter D. Gray, HALLELAND LEWIS NILAN & JOHNSON, P.A., for plaintiff.

Plaintiff Hartford Fire Insurance Company ("Hartford") and defendant Transgroup Express, Inc. ("Transgroup") filed cross-motions for summary judgment in mid-December 2009. The motions were exhaustively briefed, and the Court devoted a half day to hearing arguments on the motions on January 26, 2010. The Court took the motions under advisement.

Apparently, after Hartford's attorneys returned to the office, they concluded that they had badly briefed and argued the issue of whether the intentional torts of Robin Parsons and Carr Freight were foreseeable and therefore within the scope of their purported agency with Transgroup. Hartford decided to take another stab at it. Hartford first drafted a ten-page supplemental brief on that issue, and then filed a motion seeking the Court's permission to file that supplemental brief. Hartford attached to its motion the supplemental brief itself, an affidavit in support of the brief, and various exhibits.

- 1 -

Under Local Rule 7.1(g), "[e]xcept with permission of the Court, no memoranda of law will be allowed except as provided in [the Court's local] rules." D. Minn. LR 7.1(g). As Hartford acknowledges, no local rule permits a party to file a supplemental brief without first getting the Court's permission. Yet Hartford took it upon itself to file its brief — albeit as an "attachment" to its motion — before it received the Court's permission to do so. As this Court said in a closely related context: "This is akin to lighting a cigar and then asking, 'Is it okay if I smoke?' It betrays a lack of respect for the rules of this Court and for the client who is required to pay for a brief that the Court has not yet agreed to permit." *Randall v. Lady of Am. Franchise Corp.*, No. 04-CV-3394 (PJS/RLE), Order at 2 (D. Minn. Sept. 13, 2006).

What would Hartford have this Court do with its supplemental brief? Does Hartford propose that the Court read the supplemental brief before deciding whether to allow Hartford to file it? If the Court did so, Hartford would have succeeded in making its arguments, and it would no longer matter whether Hartford's motion for permission to make those arguments was granted. If Hartford does not propose that the Court read its supplemental brief at this time, then why did Hartford attach the brief to its motion? To save the short delay between Hartford being notified that its motion had been granted and Hartford filing the brief in response to that notification?

Hartford's motion is denied. The Court will not read Hartford's supplemental brief or the materials submitted in support of that brief — and obviously, because the Court will not read the supplemental brief or supporting materials, none of the points made in those papers are properly before the Court. Moreover, the Court will order Hartford's counsel not to charge its client for

preparing a brief that the attorneys did not have permission to file. An attorney should not write a supplemental brief until he or she first receives permission to submit a supplemental brief.

The Court notes that Hartford has no plausible excuse for failing to adequately brief the issue of whether the intentional torts of Parsons and Carr Freight were foreseeable. The most recent decision of the Minnesota Supreme Court on when intentional torts are committed within the scope of employment turns on foreseeability. *Frieler v. Carlson Mktg. Group, Inc.*, 751 N.W.2d 558, 582-84 (Minn. 2008) (Gildea, J., writing for the court on the issue). The most recent decision of the Minnesota Court of Appeals on the same subject also turns on foreseeability. *Buckles v. State*, No. A08-2098, 2009 WL 2498635, at *2-4 (Minn. Ct. App. Aug. 18, 2009). And a very recent decision of the Minnesota Court of Appeals labels foreseeability the "critical inquiry" in deciding whether an intentional tort occurred within the scope of employment. *Yath v. Fairview Clinics, N.P.*, 767 N.W.2d 34, 47 (Minn. Ct. App. 2009) ("The critical inquiry to determine if the source of the harm is related to the duties of the employee is whether the employee's acts were foreseeable."). Yet Hartford said not one word about foreseeability in the opening brief that it filed in support of its summary-judgment motion.

That does not mean that Hartford waived the issue, however. Transgroup squarely raised the issue of foreseeability in the opening brief that it filed in support of its summary-judgment motion. Mem. Supp. Def. Mot. S.J. at 28-31 [Docket No. 212]. Hartford responded to Transgroup's arguments. Mem. Opp. Transgroup Mot. S.J. at 13-14 [Docket No. 216]. The Court asked both parties numerous questions about foreseeability at the summary-judgment hearing. Clearly, the issue is preserved.

Hartford seeks to file a supplemental brief not because it needs to preserve the issue of foreseeability, but because it concluded that it had done a poor job briefing the issue. Hartford has good reason to be concerned. As the Court pointed out at the summary-judgment hearing, Hartford's approach — such as insisting that lack of foreseeability was a defense on which Transgroup bore the burden of proof when Minnesota case law is unmistakably to the contrary — bordered on dishonest. That does not entitle Hartford to take a mulligan, however.

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Hartford's motion for leave to file supplemental briefing [Docket No. 231] is DENIED.

2. Hartford's counsel is ORDERED not to charge its client any fees or costs associated with preparing the proposed supplemental brief that was attached to Hartford's motion for leave to file supplemental briefing.

Dated: January 29, 2010

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge